**06 CIV. 4037**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

RICHARD J. SASSI, II,

                Plaintiff,

    -against-

CLARA LOU-GOULD, individually,
FRED ANTALEK, individually, LEE
KYRIACOU, individually, DEANNA
LEAKE, individually, ELEANOR
THOMPSON, individually, SAM
WAY, individually, MIKE FASANO,
Individually, and THE CITY OF
BEACON, New York,

                Defendants.

------------------------------------------------------x

**ORIGINAL**

65 Civ. (   )

**COMPLAINT**

**Jury Trial Demanded**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Plaintiff RICHARD J. SASSI, II, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from Defendants' conduct, engaged in under color of New York State law and while they were acting in concert, that violated Plaintiff's rights as guaranteed him by reason of Title VII, 42 U.S.C. §2000e et. seq, and 42 U.S.C. §§1981, 1983.

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. As to Plaintiff's Title VII claim, he timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (Charge #520-2006-01299) and thereafter on May 25, 2006, received a Notice of Right to Sue. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff RICHARD J. SASSI, II, is a Caucasian citizen of the United States, a domiciliary of the State of New York, and a resident of the City of Beacon. At all times relevant to this complaint he has been and continues to be a Police Officer employed on a full-time basis by the Defendant City of Beacon.

4. Defendant CLARA LOU-GOULD (hereinafter referred to collectively with the individuals referenced in paragraph "5", *infra*, as "Council Defendants"), who is sued in her individual capacity only, at all times relevant to this complaint was the Mayor of the City of Beacon. As such she serves as a voting member of the City Council of the City of Beacon.

5. Defendants FRED ANTALEK, LEE KYRIACOU, DEANNA LEAKE, ELEANOR THOMPSON, SAM WAY, and MIKE FASANO (hereinafter the "Council Defendants"), each of whom is sued in his/her individual capacity only, at all times relevant to this complaint then comprised the balance of the membership of the City Council of the City of Beacon.

6. Defendant CITY OF BEACON, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of that State.

**THE FACTS**

7. On or about October 27, 2005, the Chief of Police of the City of Beacon recommended in writing to the City Administrator that Plaintiff be promoted to the rank of Detective given the circumstance that he was the best qualified candidate for that appointment. The Administrator in writing rejected that recommendation on the false pretense, jointly agreed to by Defendants, that a now-void local law precluded Plaintiff's promotion by reason of nepotism.

9. On or about December 1, 2005, the Chief of Police in writing advised each of the Council Defendants that the best qualified candidate for promotion to the rank of Detective was the Plaintiff and that the City Administrator had rejected Plaintiff as a candidate for that promotion by reason of the now void local law.

10. On or about December 4, 2005, acting in an administrative capacity only the Council Defendants refused to appoint Plaintiff to the rank of Detective and instead effective December 12, 2005, appointed a male Hispanic to that rank:

    a. Specifically because that individual was Hispanic,

    b. Specifically because that individual was fluent in Spanish,

    c. Despite the circumstance that that individual is substantially lesser qualified to be a Detective than Plaintiff,

    d. Despite the circumstance that that individual deliberately falsely

3

reported an incident involving himself as a Police Officer as a result of which he received commendations for an "heroic" act that he never performed, and,

e. Despite the fact that that individual, at the time of his promotion, was a relative of one of the then-incumbent members of the City Council.

11. As a proximate result of Defendants' conduct Plaintiff has been: denied a promotion by reason of his national origin; denied a promotion by reason of his ethnicity; denied a promotion by reason of his color; denied equal protection; humiliated, public embarrassed, held up to public ridicule, impaired in his professional career, damaged financially, rendered anxious and upset, and otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE CITY

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

13. Under the premises Defendant's conduct violated Plaintiff's rights as guaranteed by reason of Title VII.

## AS AND FOR A SECOND CLAIM
## AGAINST ALL DEFENDANTS

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

15. Under the premises Defendants' rejection of Plaintiff for promotion to the rank of Detective, in favor of a lesser qualified Hispanic, violated Plaintiff's rights as guaranteed him by reason of 42 U.S.C. §1981.

## AS AND FOR A THIRD CLAIM
## AGAINST ALL DEFENDANTS

16. Repeats and realleges as if fully set forth the allegations of fact set forth in paragraphs "1" to "11", inclusive.

17. Under the premises Defendants' rejection of Plaintiff for promotion to the rank of Detective, in favor of a lesser qualified Hispanic, violated Plaintiff's rights as guaranteed him by reason of 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM
## AGAINST ALL DEFENDANTS

18. Repeats and realleges as if fully set forth the allegations of fact set forth in paragraphs "1" to "11", inclusive.

19. Under the premises Defendants, in their capacities as either Plaintiff's employer or as aiders and abettors, violated Plaintiff's rights as guaranteed him by reason of New York State Executive Law §296 *et. seq.*

WHEREFORE judgment is respectfully requested:

   a. Awarding as against the City such compensatory and punitive damages as the jury may impose with respect to Plaintiff's First Claim,

5

b. Awarding as against each of the individually named Defendants such compensatory and punitive damages as the jury may impose on Plaintiff's Second and Third federal claims,

c. Awarding as against all Defendants such compensatory damages as the jury may determine with respect to Plaintiff's Fourth Claim,

d. Awarding reasonable costs and attorney's fees on Plaintiff's First, Second and Third claims, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
May 26, 2006

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401